BOUTALL, Judge.
Wilbert Parker sued Lois Yaeger and others for damages arising out of an intersec-tional collision. The trial court found Yae-ger to be negligent and Parker to be con-tributorily negligent, dismissing his suit. He appeals. The only issue before us is the contributory negligence of Parker.
*1374 Parker was driving his automobile westerly on the West Bank Expressway in Gret-na and stopped in obedience to a red traffic light at its intersection with Terry Parkway. Yaeger, who had been stopped on Terry Parkway waiting for a light change, proceeded across the intersection behind other vehicles, and as she attempted to cross the far lanes of the expressway, Parker started his vehicle up and collided with her right side. The cause of the collision revolves about the operation of the traffic semaphore which was determined to be changing at a rate more rapid than its normal sequence. Yaeger claims she was properly in the intersection, having started on the green light, the light having turned yellow as she neared the median of the expressway, and was entitled to proceed across the westerly lanes to clear the intersection. As opposed to this, Parker contends that he looked both ways at the intersection to make sure that it was clear, that the vehicle to his left proceeded across, and then he proceeded across, that Yaeger approached rapidly from the left and struck his vehicle.
The resolution of this issue depends largely upon the credibility of the witnesses, and the trial court in his reasons for judgment relied mainly upon the sequence of events as related by Yaeger, and stated that Parker did not discharge his duty to look and see that the intersection was clear. We agree with the findings of the trial judge. The testimony of Parker as to how the collision happened is contrary to the physical facts of damages on the automobiles involved. Additionally, it seems improbable, under his testimony, that the Yae-ger vehicle would have missed the automobile Parker places ahead of him in the left lane and be able to strike Parker on the side as he related.
LSA-R.S. 32:232(l)(a) requires a vehicle facing the green signal, before starting into that intersection, to yield the right of way to other vehicles lawfully within the intersection. See also Potts v. United States Fidelity & Guaranty Company, 135 So.2d 77, (La.App. 2d Cir. 1961); and McMullan v. Travelers Insurance Company, 311 So.2d 902 (La.App. 2d Cir. 1975). We affirm the ruling appealed from.

AFFIRMED.